# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

HAROLD SIMMONS,

      Plaintiff,

v.

HOUSE OF BREWZ LLC, a Florida limited
liability company,

      Defendant.

Case No. **2:14-cv-00390-FTM-29CM**

## DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S UN-VERIFIED RESPONSE TO and PROVIDE DETAILED ANSWERS TO DEFENDANT'S INTERROGATORIES

COMES NOW Defendant, HOUSE OF BREWZ, LLC (hereinafter, "Defendant"), by and through undersigned counsel, and files this Motion to Compel Discovery from Plaintiff HAROLD SIMMONS (hereinafter "Plaintiff") pursuant to Rule 37 of the Federal Rules of Civil Procedure. As will be described in more detail below, counsel for Defendant certifies pursuant to Rule 37(a)(2)(a) that it has in good faith conferred with Plaintiff's counsel in an effort to obtain this discovery without court intervention, and Plaintiff's discovery responses are deficient and inadequate to date.

## STATEMENT OF FACTS

1. On February 5, 2015, Defendant served interrogatories on Plaintiff, HAROLD SIMMONS. See Exhibit "A" attached hereto.

2.    Plaintiff responded to Defendant's interrogatories with "unverified responses and objections" on March 18, 2015.  See Exhibit "B" attached hereto.

3.    On April 8, 2015, counsel for Defendant sent a good faith letter to Plaintiff's counsel inquiring as to when fully executed answers to its interrogatories previously propounded would be received.  Plaintiff's unverified responses in mid-March stated that "verified" answers would be filed within seven (7) days.  To date, Defendant has not received any "verified" answers from Plaintiff.  See Exhibit "C" attached hereto.

4.    In addition, Defendant's counsel on April 8, 2015 noted his exception to Plaintiff's objections to interrogatories 9, 10, 11 and 12 which sought Plaintiff's arrest history, conviction history, outstanding judgments and employment history for the past ten (10) years.  See Exhibit "C" attached hereto.

5.    On April 15, 2015, counsel for Defendant sent another good faith letter to Plaintiff's counsel explaining, with the support of case law, that the Plaintiff did not provide valid grounds for his objections to the above-mentioned interrogatories.  See Exhibit "D" attached hereto.  To date, the Plaintiff has failed to provide a good faith reason for objecting to the Defendant's interrogatories other than to insert a pile of boilerplate objections.

6.    Defendant has been more than accommodating to Plaintiff and has made reasonable efforts to resolve this dispute before bringing it to the Court's attention.

MEMORANDUM OF LAW

I.    REQUEST FOR PLAINTIFF TO PROVIDE VERIFIED ANSWERS TO DEFENDANT'S INTERROGATORIES

Under Rule 33 of the Federal Rules of Civil Procedure, answers to interrogatories must be verified and must be signed by the person answering the interrogatory, and not only by the party's attorney.  *Hindmon v. Natl.-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 619 (7th Cir.

1982) (observing that interrogatory answers signed by attorney and not party violated "the clear mandate of Federal Rule of Civil Procedure 33(a)"); *Overton v. City of Harvey*, 29 F. Supp. 2d 894, 901 (N.D. Ill. 1998) (striking plaintiff's unverified answers to interrogatories signed only by attorney); *McDougall v. Dunn*, 468 F.2d 468, 472-73, 476 (4th Cir. 1972) (finding error in sustaining interrogatory responses signed under oath only by counsel); *Fonville v. Dist. of Columbia*, 230 F.R.D. 38, 45 (D.D.C. 2005) (finding paralegal's signing of interrogatory answers "utterly improper" since interrogatories must be answered by party to whom they were served).

The federal rule requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 467 (M.D. Fla. 2008). An attorney's communication, e-mail or otherwise, does not satisfy a party's obligations in responding to another party's interrogatories, even assuming, arguendo, that the attorney's statements provide information responsive to the interrogatory. In addition, interrogatory answers may be used at trial "to the extent allowed by the Federal Rules of Evidence." *See* Fed. R. Civ. P. 33(c). Therefore, substituting an attorney's communication for the party's sworn statement would undermine the important function of using the answers at trial, and effectively converting the attorney into a witness in the matter. *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536, 538-39 (S.D.W. Va. 2005) (granting defendant's motion to compel complete verified interrogatory responses and noting that since interrogatory responses may be used at trial they are "nothing short of testimony").

Given the above, the Defendant requests the Plaintiff be ordered to provide verified interrogatory responses within seven (7) days of the Court's decision on this motion.

II.   <u>REQUEST FOR PLAINTIFF TO PROVIDE COMPLETE RESPONSES WITHOUT OBJECTION TO DEFENDANT'S INTERROGATORIES</u>

A.    *DISCOVERY REQUESTS FOR PLAINTIFF'S CRIMINAL and CIVIL HISTORY*

Rule 26(b) of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…" Federal Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc., v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). The United States District Court for the Middle District of Florida stated that "relevant information is discoverable even if it is not admissible at trial.." *Jones v. Z.O.E. Enterprises of Jax, Inc.*, 2012 WL 3065384 (M.D. Fla. Jul. 27, 2012).

A party's request for information, such as opposing party's criminal history, arrest records, evidence of any wrong committed etc. have been considered to be reasonably calculated to lead to discovery of admissible evidence. *See Buckner v. United Parcel Service, Inc.*, No. 5:09–cv–411, 2011 WL 6748522 (E.D.N.C. Dec. 22, 2011).   The courts also consider that such information may be used to attack a witness's character for truthfulness. *See Fed. R. Evid. 609; see also EEOC v. Luihn Food Sys., Inc.*, 2011 WL 649749 (E.D.N.C. Feb. 11, 2011); *Abraham v. B.G. Boltons' Grille & Bar*, 2007 WL 1146585 (D. Kan. Apr. 17, 2007).  Information about the criminal history of a party is discoverable so that requesting parties "may make their own determination as to whether the conviction falls within Fed. R. Evid. 609(a)(2) and so that they may raise whatever arguments they deem necessary at trial regarding the conviction's admissibility." *Bradley v. Val-Mejias*, 2001 WL 1249339 (D. Kan. Oct. 9, 2001).  Furthermore, Plaintiff's prior criminal and litigation history is certainly relevant to the extent Plaintiff may

have lied on her application of employment.  *See O'Neil v. Runyon*, 898 F. Supp. 777 (D. Colo.

1995).

In this instance, Plaintiff has failed to respond to various interrogatories concerning his

prior arrest history, convictions, and judgements in which he has been a party.  (See Exhibit "B",

Interrogatory Nos. 9 and 11).  Plaintiff has objected to each of these requests as irrelevant.  *Id.*

Federal courts have considered such objections improper.  For instance, in *Abraham v. B. G.*

*Bolton's Grille and Bar*, supra, plaintiff sued his former employer for discrimination and

retaliation.  *B. G. Bolton's Grille and Bar*, 2007 WL 1146585 (D. Kan. Apr. 17, 2007) at 1.

During discovery, the employer requested information pertaining to plaintiff's prior criminal

convictions, other lawsuits, and administrative claims.  *Id.* at 4.  Plaintiff objected to these

requests on the basis of relevance.  *Id.*  The Court held that these types of requests were

discoverable in an employment lawsuit where the after-acquired evidence doctrine could bar

plaintiff's recovery in total.  *Id.* at 5.  It was further emphasized that because records regarding

criminal, civil, and administrative proceedings should be part of the public record the plaintiff

would not be harmed if the information was disclosed.  *Id.* at 5.

Pursuant to the above case law, Defendant's requests regarding Plaintiff's prior arrest

history, criminal activity, and outstanding judgements in this case are reasonably calculated to

lead to the discovery of admissible evidence.  Therefore, Defendant requests Plaintiff be ordered

to provide complete responses without objection to its Interrogatories 9, 10 and 11.  (See Exhibit

"B", Interrogatory Nos. 9 and 11).

B.  *REQUESTS FOR PLAINTIFF'S EMPLOYMENT HISTORY*

Plaintiff also objected to providing information about his prior work history.  (See

Exhibit "B", Interrogatory No. 12).  The identity of plaintiff's employers are all part of the

canvas of information to which a defendant and a jury are entitled to know. *Martin v. Am. Traveler Staffing Prof'ls, LLC*, 2008 U.S. Dist. LEXIS 94479 (S.D. Fla. Sept. 9, 2008) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). In addition, such information is relevant to any defenses of mitigation, after acquired evidence, and/or to check Plaintiff's credibility compared to employment application or resume information provided during the hiring process. This is discoverable and must be provided. *See Real v. Haney*, 2007 WL 1851283 (D. Kan. June 27, 2007) (overruling relevancy objections for interrogatories that sought "information regarding plaintiff's previous addresses for the past ten years and persons with whom he resided, his educational history, identification of his family members, his employment history, and any prior convictions" in civil rights case). Moreover, plaintiff will not suffer from unfair prejudice or any substantial harm by providing this information that may have been already listed on his employment application with the Defendant.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests the following relief:

1. An Order compelling Plaintiff to provide verified responses to Defendant's Interrogatories within seven (7) days;

2. An Order compelling Plaintiff to fully respond to Defendant's Interrogatories within seven (7) days, including accurate and complete responses without objection to Defendant's interrogatories for Plaintiff's criminal history, any judgments and employment history for the past ten (10) years;

3. An Order awarding Defendant's costs and expenses, including attorneys' fees, incurred in preparing this Motion and obtaining the necessary responses; and

4. An Order for such other relief as the Court deems appropriate.

Date this ___ day of April, 2015.

          Steven A. Ramunni, Esq.
          FBN: 396702
          Kahle & Ramunni P.A.
          *Attorneys for Defendant*
          1533 Hendry St., Suite 101
          Fort Myers, FL  33901
          Telephone: (239)791-3900
          Facsimile: (239)791-3901
          Email: ecf@kahleramunni.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on April ___, 2015, I certify that the foregoing document is being served this day on all counsel of record or pro se party listed below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

          Steven A. Ramunni, Esq.
          *Attorney for Defendant*

Angeli Murthy, Esq. (088758)
Morgan & Morgan, P.A.
Attorneys for Plaintiff
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
AMurthy@forthepeople.com

Service by CM/ECF Notices