UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

HAROLD SIMMONS,

    Plaintiff,

v.

HOUSE OF BREWZ LLC, a Florida limited liability company,

    Defendant.

Case No. **2:14-cv-00390-FTM-29CM**

DEFENDANT'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD

COMES NOW Defendant, HOUSE OF BREWZ, LLC (hereinafter, "Defendant"), by and through undersigned counsel, and files this Opposition to MORGAN & MORGAN, P.A.'s (hereinafter "Plaintiff's Counsel") Motion to Withdraw as Counsel of Record, and state as follows:

STATEMENT OF FACTS

This is an action by Plaintiff, Harold Simmons, against his former employer the Defendant, House of Brewz, LLC, for violation of the overtime provision pursuant to the Fair Labor Standards Act ("FLSA") that was filed on July 10, 2014. Plaintiff seeks damages and a reasonable attorney's fee. Defendant filed an answer, together with seven affirmative defenses. In addition, there is an Amended Motion to Compel by Defendant currently pending in this case.

MEMORANDUM OF LAW

1

A motion to withdraw as counsel of record is a matter in the discretion of the court. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985); *see also Obermaier v. Driscoll*, 2000 WL 33175446 (M.D. Fla. Dec. 13, 2000). Pursuant to Local Rule 2.03, the Court may permit withdrawal, provided that such withdrawal does not cause delay or continuance of the case. To the extent that a withdrawal does cause a delay or continuance, counsel must establish "compelling ethical considerations" before the Court will allow withdrawal. *Obermaier*, 2000 WL 33175446 at *1.

In considering counsel's motion to withdraw, the court weighs "the reasons why withdrawal is sought; the prejudice withdrawal may cause the litigants; the delay in the resolution of the case which would result in withdrawal; and, the effect of withdrawal on the efficient administration of justice." *Obermaier*, 2000 WL 33175446 at *1 (*quoting Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J.1996)).

A. <u>Plaintiff's Counsel Failed to State grounds for withdrawal</u>

In the instant case, Plaintiff's counsel has failed to state reasons why withdrawal is being sought. Plaintiff's counsel has provided the court only with a request to seek leave to withdraw. Furthermore, Plaintiff's counsel never stated in her request the circumstances that may have arisen which prevents her and her firm from continuing to represent Mr. Harold Simmons in his action for an alleged violation of the Fair Labor Standards Act. Thus, counsel's request to withdraw must be denied.

B. <u>Withdrawal May cause Prejudice to Both Parties</u>

The withdrawal of Plaintiff's Counsel at the current stage of the case is likely to prejudice both parties in this matter. "When courts have denied such motions due in part to the state of the case schedule, it has almost uniformly been because the motion to withdraw was made at or near

trial .." *Sharp v. Verizon Del. Inc.*, 2012 WL 6212615, at *4 (D. Del. Dec. 12, 2012); *see, e.g., Carter v. City of Philadelphia*, 2000 WL 537380, at *2 (E.D. Pa. Apr. 25, 2000) (the court denied, in part, the motion to withdraw because if the motion were granted, plaintiff would be forced to try the case pro se "five weeks from today"); *Chester v. May Dep't Store*, 2000 WL 12896, at *1 (E.D. Pa. Jan. 7, 2000) (the motion to withdraw was denied, in part, because "all discovery and pretrial proceedings [had] concluded," and the case was on the eve of trial); *Rusinow v. Kamara*, 920 F. Supp. 69, 72 (D.N.J. 1996) (denying motion to withdraw, in part, because plaintiff's counsel had litigated the case for two years and trial was less than two weeks away); *Mervan v. Darrell*, 1994 WL 327626, at *1-2 (E.D. Pa. July 8, 1994) (denying motion to withdraw where trial date was scheduled for less than two months from date of denial). In the present case, both parties appeared for a final settlement conference to possibly resolve this case on April 29, 2015. The case could not be resolved via settlement, and all parties agreed to move forward with trial. Based on that fact, Defendants have commenced preparing for a trial, which weighs against granting Plaintiff's Counsel Motion to Withdraw.

Furthermore, it is unlikely that the Plaintiff, Harold Simmons, would be able to retain substitute counsel at this time. First of all, the court should be aware of "the difficulties that a pro se plaintiff can face in litigating a civil case; this can be considered a real prejudice that Plaintiff would suffer if the Motion [to withdraw] was granted and if he was not thereafter able to obtain substitute counsel." *Sharp*, 2012 WL 6212615, at *4 (*citing* Carter, 2000 WL 537380, at *2; *Mervan*, 1994 WL 327626, at *1-2). Here, withdrawal of Plaintiff's Counsel would leave Mr. Simmons in a position to complete, on his own a trial in his employment action. If this motion to withdraw is granted, Mr. Simmons would be required to, for instance: (1) respond to any dispositive motions submitted by Defendant; or (2) arrange for the trial appearance of any

3

experts he intends to call in support of his damages, or (3) arrange for the trial appearance of any witnesses that he would want to testify to support his claims. Therefore, requiring Mr. Simmons to proceed pro se, without any advice and assistance of counsel, would prejudice the Plaintiff. In addition, it may even hinder the efficient process of his case towards its trial date.

The Defendant's would also be prejudiced by the withdrawal of Plaintiff's Counsel, and opposes the Motion to Withdraw. As stated in Plaintiff's Counsel's motion, there is still a pending motion to compel interrogatory responses, which to date has been amended and pending before this Court. The parties currently disagree on certain interrogatories by Defendant, which ultimately led to Defendant's amended motion to compel. The amended motion to compel should be resolved prior to making a decision on Plaintiff's Counsel's motion to withdraw since the discovery is necessary for preparing a defense in this case. Furthermore, case law suggests that prejudice is likely to exist where one party objects in good faith to the withdrawal of opposing counsel. *See, e.g., Sharp*, 2012 WL 6212615, at *5 (finding no prejudice where the defendant did not oppose withdrawal of plaintiffs' counsel); *Magargal v. New Jersey*, 2011 WL 5526077, at *2 (D.N.J. Nov. 14, 2011) (the court found that allowing withdrawal of plaintiffs' counsel would not prejudice defendants, where defendants did not indicate any objection to motion).

    C. <u>Delay in Resolution of the Case and Effect on Administration of Justice that Would Result from Withdrawal</u>

Judges may permit lawyers to withdraw, if another lawyer has agreed to take over the case, and the substitution of a new lawyer can be accomplished without delaying the resolution of the case. *See, e.g.*, Louis S. Rulli, "Roadblocks to Access to Justice: Reforming Ethical Rules to Meet the Special Needs of Low-Income Clients," 17 U. Pa. J.L. & Soc. Change 347 (2014) ("Judges are understandably reluctant to allow lawyers to withdraw their appearances when they

4

know that to do so will leave an unrepresented litigant with little hope of obtaining new counsel"). As discussed above, it is unlikely that the Plaintiff, Harold Simmons, will be able to secure new counsel to review his case and prepare for trial in this matter. If withdrawal is permitted, it would inevitably delay the resolution of the pending amended motion to compel, as well as the trial that Defendant are spending money to prepare for at this time.

Moreover, the withdrawal would negatively impact the efficient administration of justice if Plaintiff is unable to obtain a new lawyer. "Courts have understandably found that [if] a plaintiff [is] unable to obtain new counsel and required to litigate [his] case on [his] own behalf, the grant of a motion to withdraw could have an impact on the efficient administration of justice." *Sharp*, 2012 WL 6212615, at *5 (*citing Carter*, 2000 WL 537380, at *2; *Chester*, 2000 WL 12896, at *1; *Mervan*, 1994 WL 327626, at *1-2). The fact that this case is dealing with provisions of the FLSA, it would probably be difficult for a non-attorney like Harold Simmons to familiarize himself with this statute on the heels of trial; thus making the case complicated to handle pro se. Therefore, these factors weigh against granting Plaintiff's Counsel's request for leave to withdraw.

D. Conclusion

For the foregoing reasons, Defendant asks the Court to deny the relief requested by Morgan & Morgan, P.A. and enter an Order which denies them leave to withdraw as counsel of record for Plaintiff Harold Simmons, together with such other and further relief as the Court may deem just and appropriate under the circumstances.

Date this 20 day of May, 2015.

Steven A. Ramunni, Esq.
FBN: 396702
Kahle & Ramunni P.A.
*Attorneys for Defendant*
1533 Hendry St., Suite 101
Fort Myers, FL  33901
Telephone: (239)791-3900
Facsimile: (239)791-3901
Email: ecf@kahleramunni.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2015, I certify that the foregoing document is being served this day on all counsel of record or pro se party listed below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Steven A. Ramunni, Esq.
*Attorney for Defendant*

Angeli Murthy, Esq. (088758)
Morgan & Morgan, P.A.
Attorneys for Plaintiff
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
AMurthy@forthepeople.com

Service by CM/ECF Notices