**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MEYERS DIVISION**

HAROLD SIMMONS,

                  Plaintiff,

                                CASE NO.:   2:14-cv-00390-JES-CM

vs.

HOUSE OF BREWZ LLC, a Florida
Limited liability company,

                  Defendant.           /

### MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Pursuant to Middle District of Florida Local Rule 2.03, the undersigned counsel hereby moves the Court for leave to withdraw as counsel in the above-captioned matter on behalf of Plaintiff, HAROLD SIMMONS and states as follows:

1.     Irreconcilable differences have arisen which require undersigned counsel's withdrawal.

2.     Mr. Simmons was recently convicted in an unrelated criminal matter, but did not turn himself in, and is now a fugitive.  *See* Lee Sherriff's Office's webpage at http://sheriffleefl.org/main/index.php?r=crimeActivity/activeWarrants, showing an active warrant for Plaintiff, a true and correct copy of which is attached to this Motion as **Exhibit A**.

3.     Given his status as a fugitive, it has become impossible for undersigned counsel to meet with Plaintiff, and difficult to engage in any meaningful communications regarding this matter.

4.     Further, Mr. Simmons and counsel have fundamental differences of opinion as to the most prudent course of action going forward in this matter.

5.     Plaintiff has ceased to take the undersigned's telephone calls, and has indicated that he does not wish to speak to undersigned counsel any further.

6.     Undersigned counsel spoke to Mr. Simmons prior to filing her notice of intent to withdraw, and informed him of her intent to withdraw, given the irreconcilable differences that have arisen, including an inability to communicate with Mr. Simmons in writing given his current status.  It was at that time that Mr. Simmons indicated that he does not wish to speak with undersigned counsel further.

7.     On May 6, 2015, the Plaintiff's counsel forwarded a Notice of Intent to Withdraw as Counsel via regular and certified U.S mail to Plaintiff at both addresses he had previously provided counsel.  These communications were not returned to counsel, and Mr. Simmons has voiced no opposition to the withdrawal.

8.      There is no scheduling order yet entered in this matter, and this case is in its infancy.  As such, no deadlines will be delayed by the granting of this motion. Plaintiff submitted his answers to the Court's interrogatories, and the parties thereafter requested a settlement conference which they attended,[1] but which resulted in impasse.

9.     The only pending motion is Defendant's pending motion to compel.  D.E. 41.  However, any delay in the resolution of this pending motion will not affect the scheduling in this matter.  The FLSA scheduling order is still in effect, and although the Parties engaged in certain limited discovery by consent, the Parties have neither

---

[1]     The first settlement conference, scheduled in February, had to be continued due to an unexpected conflict in Magistrate Judge Frazier's schedule. Unfortunately, the Parties were not able to find another mutually agreeable date until April.

submitted a case management report, nor met to prepare same.  As such, Defendant's pending motion to compel is technically premature.  *See* D.E. 17.

10.     Thus, given that this case is not even yet subject to a scheduling order, Defendants' representation in its opposition to this Motion (filed prior to this Motion being filed) that Defendant has begun preparing for trial is plainly wrong.  *See* D.E. 42, Defendant's Opposition to Motion to Withdraw.

WHEREFORE, the undersigned counsel hereby requests that the court enter an order granting the undersigned's withdrawal from the above-captioned action and consider all of the obligations with respect to this matter to be at end.  The undersigned further requests that Plaintiff be permitted a reasonable time, whether thirty (30) days or otherwise, to secure counsel.

## MEMORANDUM OF LAW

Whether to allow counsel to withdraw is a matter purely within the sound discretion of this Court.  *See, e.g., Obermaier v. Driscoll,* No. No. 2:00-CV-214-FTM-29D, 2000 WL 33175446 (M.D. Fla. Dec. 13, 2000) (STEELE, J.) (permitting withdrawal where the client did not object and no delay would be occasioned by the withdrawal).  Where, as here, no delay or continuance will be occasioned by the withdrawal, given that no scheduling order has yet been entered in the case, and Plaintiff has not objected to the withdrawal, there is no reason to deny Plaintiff's counsel's request to withdraw.  *See id.* at *1.

Further, even if the Court required the undersigned to show "compelling ethical considerations," which is *not* necessary here given that there will be no delay in the proceedings, those considerations are nonetheless present here.  To the extent Plaintiff's

refusal to speak to the undersigned constitutes an implicit discharge, the undersigned is prohibited by the Florida Rules of Professional Conduct from continuing the representation.  Fla. R. Prof. Conduct 4-1.16(a)(3).  Further, where, as here, "the client insists upon taking action that the lawyer considers … imprudent, or with which the lawyer has a fundamental disagreement" a lawyer may withdraw.[2]  *Id.* at 4-1.16(b)(2).  Because here lawyer and client have fundamental differences as to the course of conduct going forward in litigating this matter, and undersigned counsel cannot meet with her client due to his status as a fugitive and because he will not speak to her on the telephone, counsel should be permitted to withdraw.

Dated this 26th day of May, 2015.

Respectfully submitted,

**/s/ ANGELI MURTHY**
ANGELI MURTHY, ESQ.
FL Bar No.:  088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, Florida  33324
Telephone:  954-318-0268
Facsimile:  954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

---

[2]    In order to maintain the confidentiality of attorney-client communications, undersigned counsel properly has refrained from including specific detail regarding conversations with Plaintiff and the irreconcilable differences that have arisen, as Plaintiff has not provided her with specific permission to share same.  *See, e.g., Obermaier*, 2000 WL 33175446 at *1 (this Court granted a motion to withdraw where "Counsel gives no reason to support the motion and state they do not have defendants' permission to disclose their reason for seeking to withdraw from the case.")  However, should the Court require additional detail, Plaintiff's counsel respectfully requests the opportunity to provide same in an *in camera* submission in order to avoid any breach of the privilege protecting attorney-client communications.

<u>**CERTIFICATE OF GOOD FAITH**</u>

Pursuant to Local Rule 3.01(g), the undersigned counsel for the Plaintiff certifies that she conferred with counsel for the Defendant in a good faith effort to resolve the issues raised by this Motion, and that the Defendant opposes the relief requested herein.

Respectfully submitted this 26th day of May, 2015.

 **/s/ANGELI MURTHY**
ANGELI MURTHY, ESQ.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Tel: 954-318-0268
     Fax: 954-327-3016
E-Mail: **Amurthy@forthepeople.com**

*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26th, 2015, a true and correct copy of the foregoing has been served via the CM/ECF system to all counsel of record, and has been served by U.S. Mail upon Plaintiff, Harold Simmons at the following addresses:

Mr. Harold Simmons
C/O Norma Jean Banks
3708 Suntrust Drive
Fort Myers, FL 33916

Mr. Harold Simmons
5644 5th Avenue
Ft. Myers, FL 33907.

/s/ ANGELI MURTHY
ANGELI MURTHY, ESQUIRE
FL Bar No.:  88758
MORGAN & MORGAN, P.A.
600 N Pine Island Road, Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*