## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

HAROLD SIMMONS,

          Plaintiff,

v.                                    Case No:   2:14-cv-390-FtM-29CM

HOUSE OF BREWZ LLC,

          Defendant.

_____

## <u>ORDER</u>

Before the Court are Defendant's Amended Motion to Compel Plaintiff's Unverified Response to and Provide Detailed Answers to Defendant's Interrogatories (Doc. 41), filed on May 19, 2015; a Motion to Withdraw as Counsel for Plaintiff (Doc. 43), filed on May 26, 2015; Plaintiff's Motion for Extension of Time to Oppose Defendant's Amended Motion to Compel (Doc. 45), filed on June 5, 2015; and Defendant's Motion to Strike Plaintiff's Reply to Opposition, or in the Alternative, Renew Defendant's Opposition to Motion to Withdraw (Doc. 46), filed on June 9, 2015. Each of these motions is opposed, to some degree, and all responses have been filed or the time for doing so has expired.   Accordingly, all are ripe for review.

The procedural history of this matter warrants discussion.   Plaintiff Harold Simmons initiated this action on July 10, 2014 by filing a Complaint for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking recovery of unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs arising out of his employment as a line cook for

Defendant's restaurant.   Doc. 1.   Defendant filed its Answer and Affirmative Defenses on September 4, 2014.   Doc. 16.   The parties ultimately requested a settlement conference before a United States Magistrate Judge, and the case was referred to the Honorable Douglas N. Frazier to conduct such conference.   Docs. 26, 27.   Judge Frazier held a settlement conference on April 29, 2015, but the parties were not able to resolve this matter.   Docs. 31, 36.

On May 6, 2015, Plaintiff's counsel filed a Notice of Intent to Withdraw as Counsel.   Doc. 37.   Consistent with the Middle District of Florida Local Rules, which require an attorney who has made a general appearance to provide at least ten (10) days' notice to the client and opposing counsel before seeking leave to withdraw, the Notice stated "[u]pon the expiration of ten (10) days after the date of this Notice, the undersigned requests written leave of the Court to withdraw as counsel in this matter."   *Id.* at 1; *see* M.D. Fla. R. 2.03(b).   The Notice stated that it was "not clear" whether Plaintiff opposed counsel's withdrawal, and opposing counsel had not indicated whether Defendant opposed the withdrawal.   Doc. 37 at 1.   Less than two weeks after Plaintiff's counsel filed her Notice, but before a motion to withdraw was filed, Defendant filed an Amended Motion to Compel Plaintiff's Unverified Response to and Provide Detailed Answers to Defendant's Interrogatories, requesting that the Court order Plaintiff to provide information about his criminal and employment history, over Plaintiff's counsel's objections.   Doc. 41.

Then, apparently construing Plaintiff's counsel's Notice as a motion seeking leave to withdrawal, on May 20, 2015, Defendant filed its Opposition to Motion to

Withdraw as Counsel of Record.   Doc. 42.   The Opposition asserts that counsel failed to identify the grounds for withdrawal; her withdrawal at this stage of the litigation may prejudice both parties; and that permitting her to withdraw "would negatively impact the efficient administration of justice if Plaintiff is unable to obtain a new lawyer."   Doc. 42 at 5.

On May 26, 2015, while Defendant's Amended Motion to Compel was pending, Plaintiff's counsel filed a motion to withdraw.   Doc. 43.   Because that motion did not state that it was unopposed, the Court allowed time for Defendant—or Plaintiff, for that matter—to respond.   Consequently, the Court had not yet ruled on Plaintiff's motion to withdraw when the time for filing a response to Defendant's Amended Motion to Compel would have expired.   Plaintiff's counsel filed a Motion for Extension of Time to Oppose Defendant's Amended Motion to Compel, seeking an extension of the time for filing a response until five (5) days after the Court's ruling on her motion to withdraw, in the event the motion to withdraw is denied.   Doc. 45. Because the other motions either directly relate to, or will be affected by, the Court's ruling on the motion to withdraw, the Court will address that motion first.

As grounds for seeking withdrawal, counsel stated that "[i]rreconcilable differences have arisen" between her and Plaintiff Harold Simmons.   Doc. 43 at 1. According to the motion, not only do counsel and Plaintiff disagree on "the most prudent course of action going forward in this matter," but counsel further states that Plaintiff has stopped taking her calls and "indicated that he does not wish to speak to [her] any further."   *Id.* at 2.   Plaintiff's counsel states that her difficulties in

communicating with Plaintiff arise in part due to his status as a fugitive in an unrelated criminal matter,[1] and maintains that any delay caused by her withdrawal will not affect the progression of the case since it remains in relative infancy.   Even if permitting her withdrawal would cause a delay, counsel argues that compelling ethical considerations justify such delay.   *Id.* at 3.

In response, Defendant filed a Motion to Strike Plaintiff's Reply to Opposition, or in the Alternative, Renew Defendant's Opposition to Motion to Withdraw.   Doc. 46.   Defendant, having previously construed Plaintiff's Notice as a motion to withdraw, believed Plaintiff's motion to withdraw was filed improperly as a response to its Opposition.   Plaintiff then filed a Notice of Failure to Confer, stating that Defendant's counsel failed to confer prior to filing the Motion to Strike, in violation of Local Rule 3.01(g).   Doc. 47.   At the outset, the Court reminds the parties that a "spirit of cooperation and civility" is expected of attorneys practicing in this Court. *See* Middle District Discovery (2001) at I.A.1.   Although taken from a handbook relating to discovery matters, the same can be said for all aspects of litigation in this District.

That said, pursuant to the Local Rules, "no attorney, having made a general appearance under subsection (a) of [Local Rule 2.03] shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days'

---

[1] Counsel attached a document that appears to have been printed from the Lee County Sheriff's Office website and purports to show an active arrest warrant for Plaintiff. *See* Doc. 43-1.

notice to the party or client affected thereby, and to opposing counsel." M.D. Fla. Rule 2.03(b). Because Plaintiff's counsel filed her Notice more than ten days prior to filing her motion to withdraw, and stated that her client was to be served with the Notice the same day, the Court finds that the notice requirement of the Local Rules is satisfied. As to whether there exist grounds to permit counsel's withdrawal, a motion to permissively withdraw is a matter within the discretion of the Court. *Obermaier v. Driscoll*, No. 2:00-cv-214-FtM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000). Where counsel's withdrawal would delay the case, an attorney only will be permitted to withdraw upon the Court finding that "compelling ethical considerations" exist to permit the withdrawal. *Id.*

The Florida Rules of Professional Conduct provide some guidance as to what constitute "compelling ethical considerations," including where an attorney and client have a "fundamental disagreement" or the client insists upon a course of action the attorney believes imprudent. Fla. R. Prof. Conduct 4-1.16(b)(2). This is precisely the type of situation outlined by counsel in her motion seeking withdrawal and related filings. Moreover, counsel also notes that Plaintiff's refusal to speak with her may constitute an implicit discharge, which, if so, precludes her from continuing representation. Fla. R. Prof. Conduct 4-1.16(a)(3). Although the Court finds that compelling ethical considerations are present here, the Court need not have reached that determination, because the Court also finds that Plaintiff's counsel's withdrawal will cause minimal, if any, delay. As such, the other factors for the Court's consideration include why counsel seeks to withdraw, any prejudice to the parties

that may result from withdrawal and the effect on the administration of justice. *Obermaier*, 2000 WL 33175446, at *1. After considering these factors, the Court finds they also weigh in favor of permitting Ms. Murthy to withdraw.

Despite Defendant's assertion that it will suffer prejudice if Plaintiff's counsel is permitted to withdraw because it "commenced preparing for a trial" after the parties were unable to resolve this matter during the settlement conference before Judge Frazier, the Court notes that there has not yet been a Case Management and Scheduling Order entered in this matter, although there is a FLSA Scheduling Order. *See* Doc. 17. Thus, this case is distinguishable from those cases cited by Defendant in which motions to withdraw were filed at late stages of a case, such as where all discovery had been completed or the trial was merely a few weeks away. In this case, there are no discovery or expert deadlines, no trial date, or any other dates ordinarily established by a Case Management and Scheduling Order, looming in this matter. *See* Doc. 42 at 2-3 (gathering cases). Moreover, this matter could be set for trial as late as the term beginning July 2016 and still achieve the Court's "goal" of proceeding to trial within two years of the filing of the Complaint, which in this case was July 10, 2014. Doc. 1; *see* M.D. Fla. R. 3.05(c)(2)(E).

Even if the Court were to deny counsel's withdrawal and require her to continue to represent a client whom she may no longer have the authority to represent,[2] Plaintiff's status as a fugitive facing a two year prison sentence once

---

[2] *See* Doc. 45 at 1 ("At this time, Plaintiff's counsel does not even have clear guidance from her client as to whether she is authorized to submit documents on his behalf.").

apprehended suggests that the case is not likely to progress immediately, in any event. *See* Doc. 45 at 2.   Accordingly, the Court finds good cause and, exercising its discretion, will grant the motion and allow attorney Angeli Murthy to withdraw as counsel of record for Plaintiff in this matter.

In light of the Court's decision to permit Plaintiff's counsel to withdraw and considering Plaintiff's current fugitive status, the remaining motions either are moot, or will be denied.   In particular, Defendant's motion to compel will be denied without prejudice to being refiled after Plaintiff has a reasonable period of time to retain new counsel or, if Plaintiff is unable to retain new counsel, inform the Court that he intends to proceed *pro se*.   Should Plaintiff fail to do so, however, the Court will recommend that this action be dismissed without prejudice in its entirety.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Attorney Angeli Murthy's Motion to Withdraw as Counsel for Plaintiff (Doc. 43) is **GRANTED**.   Ms. Murthy and the law firm Morgan & Morgan, P.A. shall have no further responsibility in this matter.   The Clerk is directed to terminate Ms. Murthy and Morgan & Morgan, P.A. as counsel of record for Plaintiff Harold Simmons and remove Ms. Murthy from receiving future notices of electronic filing.

2.      Plaintiff Harold Simmons shall have thirty (30) days, up to and including **July 29, 2015**, during which to either retain new counsel, who should file a Notice of Appearance by that date, or inform the Court that he intends to continue prosecuting this matter and will do so *pro se*.   **Plaintiff's failure to inform the Court**

that he intends to proceed *pro se* or, if he is able to retain new counsel, counsel's failure to file a Notice of Appearance by that date, will result in the Court recommending that this matter be dismissed.

3.     Defendant's Amended Motion to Compel Plaintiff's Unverified Response to and Provide Detailed Answers to Defendant's Interrogatories (Doc. 41) is **DENIED without prejudice**.   Defendant may refile the motion after conferring with either Plaintiff if he proceeds *pro se*, or with Plaintiff's new counsel in the event he is able to retain same, in accordance with Local Rule 3.01(g).

4.     Plaintiff's Motion for Extension of Time to Oppose Defendant's Amended Motion to Compel (Doc. 45) is **DENIED as moot**.

5.     Defendant's Motion to Strike Plaintiff's Reply to Opposition, or in the Alternative, Renew Defendant's Opposition to Motion to Withdraw (Doc. 46) is **GRANTED in part and DENIED in part**.   The motion is granted to the extent that Defendant seeks to renew its opposition to Plaintiff's counsel's withdrawal, as the Court has considered Defendant's opposition in conjunction with its resolution of Plaintiff's motion to withdraw.   In all other respects, the motion is denied.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 8 -