UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAROLD SIMMONS,

    Plaintiff,

v.                                          Case No: 2:14-cv-390-FtM-29CM

HOUSE OF BREWZ LLC,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file. For the reasons set forth herein, the Court recommends that this action be dismissed without prejudice for failure to prosecute.

### I. Background

Plaintiff Harold Simmons initiated this action on July 10, 2014 by filing, through counsel, a Complaint seeking recovery of unpaid overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Doc. 1. Defendant House of Brewz, LLC filed its Answer and Affirmative Defenses on September 4, 2014, in which it denied liability for the alleged FLSA violations and asserted seven affirmative defenses. Doc. 16. Pursuant to the FLSA Scheduling Order (Doc. 17), Plaintiff filed his Answers to Court's Interrogatories claiming

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

$2,954.26 of unpaid overtime compensation arising from Plaintiff's employment with Defendant as a line cook. Doc. 23-1 at 1, 2. Plaintiff's Answers also state that Plaintiff's counsel incurred $2,100.00 in legal fees as of the filing of the Answers, plus $171.00 in paralegal fees and $507.55 in costs. Doc. 23-1 at 3. Pursuant to the parties' request, a settlement conference was held before the Honorable Douglas N. Frazier, United States Magistrate Judge, on April 29, 2015. Docs. 26, 36. The parties were unable to resolve this action at the settlement conference. Doc. 36.

On May 6, 2015, Plaintiff's counsel, Angeli Murthy, filed a Notice of Intent to Withdraw as Counsel, stating that upon the expiration of ten (10) days she would move to withdraw as counsel of record for Plaintiff in this matter. Doc. 37. As set forth in greater detail in the June 30, 2015 Order, Defendant opposed counsel's withdrawal, and it was unclear to Plaintiff's counsel whether Plaintiff wished for her to continue to represent him. *See* Doc. 48. The undersigned found good cause and attorney Angeli Murthy was permitted to withdraw as counsel of record for Plaintiff. *Id.* Plaintiff was given thirty (30) days, up to and including July 29, 2015, during which to either retain new counsel, or inform the Court that he intended to proceed *pro se*. *Id.* at 7. Plaintiff was cautioned that his "failure to inform the Court that he intends to proceed *pro se* or, if he is able to retain new counsel, counsel's failure to file a Notice of Appearance by that date, will result in the Court recommending that this matter be dismissed." *Id.* at 8.

On August 4, 2015, the Court entered an Order to Show Cause requiring him to show cause in writing on or before August 18, 2015 why he failed to secure counsel

or inform the Court that he intends to proceed *pro se* in accordance with the Court's prior Order. Doc. 49. The Order to Show Cause cautioned Plaintiff that "[f]ailure to respond to this Order within the time permitted will result in the Court recommending that this action be dismissed for failure to prosecute." *Id.* at 1. To date, Plaintiff neither has informed the Court that he intends to proceed *pro se*, nor has an attorney filed a Notice of Appearance on Plaintiff's behalf, and Plaintiff has not responded to the Order to Show Cause.

## II. Discussion

The Middle District of Florida Local Rules state:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

M.D. Fla. R. 3.10(a).

Here, Plaintiff has failed to respond to the Court's Order to Show Cause. Although Plaintiff now is proceeding *pro se*, he still is required to conform to the Federal Rules of Civil Procedure and Local Rules and comply with Court orders. *See Dash v. Chasen*, 503 Fed. Appx. 791, 795 n.1 (11th Cir. 2013) (explaining that *pro se* litigants still are required to conform to procedural rules). He was cautioned in two separate orders that failure to comply would result in the Court recommending that this action be dismissed.[2]

---

[2] Plaintiff's failure to respond does not come entirely as a surprise, as Plaintiff's counsel sought and was permitted to withdraw in part due to her difficulties communicating with Plaintiff while he remained a fugitive from justice in an unrelated state court criminal

### III. Conclusion

Plaintiff has failed to respond to the Court's two prior Orders, including an Order to Show Cause requiring Plaintiff to show why he failed to retain new counsel or inform the Court he intends to *pro se* and again cautioning Plaintiff that the Court would recommend dismissal if he failed to respond. Thus, pursuant to Local Rule 3.10(a), the Court recommends that this matter be dismissed without prejudice for failure to prosecute.

ACCORDINGLY, it is respectfully **RECOMMENDED:**

1. That this action be **DISMISSED** without prejudice pursuant to Middle District of Florida Local Rule 3.10(a);

2. That the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 19th day of August, 2015.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
The Honorable John E. Steele
United States District Judge

*Pro se* Plaintiff
Counsel of record

---

matter. *See* Docs. 43, 48.